No. 413

STOLTZ v. RADEBAUGH

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1530. Decided March 4, 1927

54. AGENCY—Liability—Where person is engaged in collecting rent on certain property; there is no implied duty resting upon him, by reason of such agency, to remove deposit of sand, gravel and cement placed in front of the property on the street, or to place lights thereon, unless same were deposited by his direction or with his acquiescence or knowledge.

**First Publication of this Opinion**

BY THE COURT.

Bonnie Stoltz sued Charles Radebaugh in the Franklin Common Pleas to recover damages for personal injuries alleged to have been sustained by her by reason of the automobile in which she was riding with her husband colliding with a pile of sand, gravel and cement in front of certain property claimed to have been controlled by Radebaugh. The accident occurred after dark and there was no red

light on the obstructions as required by city ordinance.

Radebaugh on cross examination testified that while he collected rents for the property in question, and paid bills for repairs, he had no personal interest in the property and that the contract for the particular repairs in question was made by one of the owners.

The trial court directed a verdict for Radebaugh and error was prosecuted. The Court of Appeals held:

1. The record does not disclose a claim that Radebaugh instructed the laborer in reference to the deposit of the sand and gravel in front of the house, or that he knew of the fact that said sand and gravel had been deposited in front of the house.

2. In order to hold Radebaugh, as agent, for the damages, it would be necessary to prove that he not only collected rent and paid the laborer for the work; but that he also authorized said laborer to place said sand, gravel and cement in the street in front of the house, or at least that he had some notice that it had been placed there.

3. The failure of Stoltz to prove that Radebaugh authorized the deposit of the material in the street or knew of its having been placed there justified the trial court in instructing the verdict.

4. No implied duty rested upon Radebaugh by virtue of his agency, to remove the deposit of sand, etc. or to place lights thereon unless same were deposited by his directions or within his knowledge.

Judgment therefore affirmed.

(Ferneding, Kunkle & Allread, JJ., concur.)

Attorneys—Huggins & Liggett for Stoltz; Pugh & Pugh for Radebaugh; all of Columbus.